IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CR-85-1H
No. 7:19-CV-39-H

TROY AHKEEM WILSON,
    Petitioner,

v.                                **ORDER**

UNITED STATES OF AMERICA,
    Respondent.

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, [DE #50]. The government filed a motion to dismiss, [DE #58], to which petitioner responded, [DE #64]. This matter is ripe for adjudication.

## BACKGROUND

On January 12, 2017, petitioner pled guilty, without a written plea agreement, to possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), (Count One); and possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count Two). On April 12, 2017, petitioner was sentenced to a total term of imprisonment of 144 months. Petitioner filed a notice of appeal, and the judgment was affirmed. [DE #45]. A petition for a writ of certiorari was filed, and the petition was

denied by the Supreme Court of the United States.  [DE #48 and #49].

Petitioner timely filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on February 27, 2019, [DE #50], arguing (1) the career offender guideline enhancement as applied to the petitioner's case was erroneously applied [DE #50 at 4]; (2) counsel rendered ineffective assistance by failing to meaningfully argue against the career offender designation [DE #50 at 5]; (3) there were no Shepard approved documents to support the career offender enhancement, [DE #50 at 7]; and (4) petitioner did not knowingly possess fentanyl, [DE #50 at 8].  Petitioner additionally requests the appointment of counsel, [DE #50 at 12].  The government has argued the first, third, and fourth claims for relief are without merit as petitioner has already litigated them on appeal or they are procedurally defaulted.  The government contends the second claim is without support of either deficiency in performance or prejudice.

## **COURT'S DISCUSSION**

i.  Previously Litigated Claim

Petitioner contends the career offender guideline enhancement was erroneously applied due to an improperly counted predicate offense, [DE #50 at 4].  Petitioner raised this issue on appeal, and this court's decision was affirmed.  [DE #45].  A petitioner may not use a section 2255 motion to attack collaterally a question

2

or issue already decided on direct appeal. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (prohibiting a petitioner from raising issues in a § 2255 motion that had previously been raised on appeal) (citing Herman v. United States, 227 F.2d 332 (4th Cir. 1955)); see also United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009) ("[Petitioner] may not circumvent a proper ruling on his Booker challenge on direct appeal by re-raising the same challenge in a § 2255 motion.") (citations omitted). Therefore, petitioner's first claim is dismissed.

ii. Procedurally Defaulted Claims

Petitioner contends there were no Shepard approved documents for the career offender enhancement, [DE #50 at 7], and petitioner has not knowingly possessed fentanyl, [DE #50 at 8]. Petitioner failed to raise these arguments on appeal.

"[C]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982); Bousley v. United States, 523 U.S. 614, 621-22 (1998)). Actual innocence is also an exception to an otherwise procedurally defaulted claim. Bousley, 523 U.S. at 623.

While petitioner summarily alleges he did not possess fentanyl, he provides no support for this claim. To the contrary,

3

his statements at his Rule 11 hearing demonstrate that he understood his guilty plea and that he was pleading guilty because he was in fact guilty. [DE #43 at 12-14]. His guilty plea was found by the United States Magistrate Judge to be knowingly and voluntarily entered. Id. at 18. "[C]ourts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) (citing United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003)).

Due to petitioner's failure to show "cause" for his failure to raise either of these issues on appeal and "actual prejudice" resulting from the error he alleges, or that he is "actually innocent," his third and fourth claims are procedurally defaulted. Bousley, 523 U.S. at 622 (citing Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

iii. Ineffective Assistance of Counsel Claim

Petitioner contends counsel rendered ineffective assistance by failure to meaningfully argue against the career offender designation, [DE #50 at 5].

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-88. In making this

4

determination, there is a strong presumption that counsel's conduct was "within the wide range of reasonable professional assistance." Id. at 689 (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. (citing Engle v. Isaac, 456 U.S. 107, 133-34 (1982)). Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Petitioner has failed to state more than conclusory allegations that counsel's performance was deficient. At petitioner's sentencing hearing, counsel argued against the career offender designation based upon allegedly improper predicate offenses. [DE #44 at 3-6]. Petitioner's appeal argued the same issue, and the Fourth Circuit affirmed this court. [DE #45]. Petitioner has not alleged facts to support his second claim that counsel's performance was below the standard of reasonably effective assistance, and neither has petitioner demonstrated prejudice. Strickland, 466 U.S. at 694.

5

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #58], is hereby GRANTED, and petitioner's motion to vacate, [DE #50], is hereby DISMISSED. The court denies petitioner's request for appointment of counsel. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 30th day of June 2020.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35